JANVIER, Judge.
This suit results from an automobile accident which occurred at about 7:50 o’clock on the morning of January 25, 1951, at the intersection of the lake side roadway of North Rampart and Dumaine Streets, in New Orleans.
Plaintiff was driving his Hudson Sedan up North Rampart Street towards Canal Street and defendant was operating his automobile in the same direction.
Plaintiff alleges that after his car had stopped for a semaphore light at the intersection and had remained stationary for some time, his car. was run into from the rear by an automobile driven by the defendant, Francis A. Landry, and owned by the defendant, George A. Landry. Plaintiff alleges that Francis Landry, the son of the other defendant, George Landry, was the agent of the latter and that therefore both are solidarily liable. Plaintiff prays for judgment for $151.37, alleging that to be the cost of making the repairs to his automobile.
Defendants answéred, denying that there was any negligence on the part of Francis Landry, who was driving the automobile of George Landry, denying that he was operating the car as the agent of George A. Landry, and, assuming the position of plaintiff in reconvention, defendant, George A. Landry, alleged that the accident had resulted from negligence on the part of plaintiff, that his automobile had been damaged to the extent of $37 and prayed for judgment against plaintiff Rosenberg for that amount.
There was judgment in the First City Court in favor of plaintiff, Seymour Rosenberg, and against Francis A. Landry for $126.62, and plaintiff’s suit as against George A. Landry was dismissed, as was .the reconventional demand. Francis A. Landry has appealed.
According to the testimony of Rosenberg, his car had been stopped at the intersection for some fifteen' seconds, waiting for the semaphore light to turn, when it was run into from the rear by the Landry car. According to the testimony of Landry the two cars were going up North Rampart Street in the same direction when suddenly the Rosenberg car swerved from the lane in which it was being driven directly in front of the car being operated by Landry when it was no longer possible for Landry to stop to avoid the accident. No other witnesses were produced except as to the extent of the damage.
Under these circumstances, finding nothing in the testimony of either witness which would justify the conclusion that the trial judge was manifestly in error in holding that the defendant, Francis A. Landry, was at fault, we see no reason to reverse the judgment.
*249 It was conceded that the’ damage to plaintiff’s car could be repaired for $126'.62; which was the amount of the judgment.
This is another one of those cases in which the judgment should not be reversed, there being no manifest error.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.
McBRIDE, J., takes no part.